# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CURTIS RAY HOWARD
ADC #81086                                                                                          PETITIONER

VS.                                      5:11CV00196 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                          RESPONDENT

## ORDER

On November 15, 2011, the Court entered an Order (docket entry #5) directing the Clerk of Court to serve a copy of the habeas Petition on Respondent and the Arkansas Attorney General by mail, and directing Respondent to file a responsive pleading within twenty-one days of service.[1]

On January 3, 2012, Petitioner filed a Motion for Default Judgment and Brief in Support.[2] (Docket entries #7 and #8). Petitioner requests the entry of default habeas relief due to Respondent's failure to file a responsive pleading to the Petition.

---

[1] After allowing an additional three days for service by mail, Respondent's responsive pleading was due on or before December 9, 2011.

[2] Petitioner also filed a Motion (docket entry #9) requesting a file-marked copy of his Motion for Default Judgment.

1

On January 5, 2012, Respondent filed a Response (docket entry #11) to Petitioner's Motion for Default Judgment. Respondent's counsel states that neither Respondent nor the Arkansas Attorney General was mailed the habeas Petition, and that the first time they knew of the existence of this case was when Petitioner mailed the Arkansas Attorney General's Office a copy of his Motion for Default Judgment.[3]

It is unnecessary for the Court to resolve whether, in fact, Respondent Hobbs and the Arkansas Attorney General were mailed a copy of the Petition on November 15, 2011. Even assuming that Respondent was served, this is not the type of "extraordinary delay" that might warrant "default" habeas relief. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.1970) ("[Fed. R. Civ. P. 55(a)] has no application in habeas corpus cases"); *Ruiz v. Cady*, 660 F.2d 337, 340-41 (7th Cir. 1981) (default judgment in a habeas case is "especially rare" and an "extreme" remedy).

IT IS THEREFORE ORDERED THAT:

1. Petitioner's Motion for Default Judgment (docket entry #7) is DENIED.

---

[3] According to an administrative "Certificate of Mailing" entered on the docket sheet, the Clerk mailed copies of the Petition to the Arkansas Attorney General and Respondent Hobbs on November 15, 2011. (Docket entry #6).

2.	Petitioner's Motion for Copies (docket entry #9) is GRANTED. The Clerk is directed to mail to Petitioner a copy of his Motion for Default Judgment (docket entry #7).

3.	Respondent shall file a responsive pleading to the Petition (docket entry #1) **on or before January 23, 2012.**

Dated this 6th day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE