# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CURTIS RAY HOWARD
ADC #81086                                                                                    PETITIONER

VS.                              5:11CV00196 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                               RESPONDENT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Curtis Ray Howard, is currently serving two life sentences in the ADC. On July 20, 1983, a Jefferson County jury convicted him of aggravated

robbery and theft of property, and sentenced him to consecutive terms of life and thirty years' imprisonment.[1] (Docket entry #16-2 at 5). On January 10, 1985, a Pulaski County jury convicted him of aggravated robbery and theft of property, and sentenced him to consecutive terms of life and twenty years' imprisonment.[2] (Docket entry #16-2 at 7).

On August 4, 2011, he initiated this federal habeas action collaterally attacking his January 10, 1985 conviction and sentence in Pulaski County Circuit Court. (Docket entry #1). He essentially argues that, prior to his trial in Arkansas, he was unlawfully extradited from both Arizona and Texas in violation of his constitutional rights. *Id.* He has also filed a Motion (docket entry #14) requesting Rule 60(b)(6) relief.

Respondent argues that the habeas Petition is barred by the applicable statute of limitations, and that Petitioner has procedurally defaulted his habeas claims.

---

[1]On September 10, 1984, the Arkansas Supreme Court affirmed in Petitioner's direct appeal. *Howard v. State*, 283 Ark. 221, 674 S.W.2d 936 (1984). On April 1, 1985, the Arkansas Supreme Court denied Petitioner's request to proceed with a Rule 37 action in circuit court. *Howard v. State*, 1985 WL818 (Ark. Apr. 1, 1985) (unpublished per curiam).

[2]On September 9, 1985, the Arkansas Supreme Court affirmed in Petitioner's direct appeal. *Howard v. State*, 286 Ark. 479, 695 S.W.2d 375 (Ark. 1985). On April 13, 1987, the Arkansas Supreme Court affirmed the denial of Rule 37 relief. *Howard v. State*, 291 Ark. 633, 727 S.W.2d 830 (Ark. 1987).

For the reasons discussed below, the Court concludes that it lacks jurisdiction, and recommends that the Petition, be dismissed, without prejudice. (Docket entry #16).

## II. Discussion

In motion papers that Petitioner filed on March 21, 2012 (docket entry #18 at 3), he specifically references a 1987 habeas case he filed in the Eastern District of Arkansas, *Howard v. Lockhart*, E.D. Ark. No. PB-C-87-545. The Court has obtained the pertinent records from that case, which reflect that the subject of that action was Petitioner's January 10, 1985 conviction and sentence in Pulaski County Circuit Court.

On October 1, 1987, he initiated a § 2254 habeas action challenging that conviction. *See* Court's Exhibit A & B, attached hereto. On February 1, 1990, United States Magistrate Judge Henry L. Jones entered a Recommended Disposition recommending the denial of Petitioner's habeas claims on the merits. *See* Court's Exhibit C attached hereto. On June 15, 1990, United States District Judge G. Thomas Eisele entered an Order and Judgment adopting Judges Jones's Recommended Disposition. *See* Court's Exhibits D and E attached hereto. Petitioner did not appeal the denial of habeas relief.

A claim presented in a second or successive § 2254 habeas petition must be

dismissed unless it is first authorized by the appropriate Circuit Court of Appeals, not the United States District Court.[3] *See* 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, in order to file a successive habeas action in this Court, Petitioner must first obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).[4] *See Pennington v. Norris*, 275 F.3d 857, 858

---

[3] An unauthorized successive habeas petition presents a jurisdictional question for the Court. *See Nooner v. Norris*, 499 F.3d 831, 833 n.1 (8th Cir 2007). Thus, the Court must consider Petitioner's compliance with 28 U.S.C. § 2244(b)(3)(A) regardless of whether it has been raised by Respondent.

The Court also notes that Petitioner's first habeas action concluded well before the AEDPA's enactment in 1996. Nonetheless, the procedural gatekeeping bar of § 2244(b) is applicable. *See Kilgore v. Bowersox*, 181 F.3d 895 (8th Cir. 1999) (per curiam) ("It is not relevant that petitioner's first habeas petition . . . was initially filed in the District Court before the enactment of AEDPA. The relevant date is the date of the filing of this application, which of course is after the enactment of AEDPA.") (internal citation omitted).

[4] To the extent that the present habeas action might also be construed to present a collateral attack on Petitioner's July 20, 1983 conviction and sentence from Jefferson County Circuit Court, it is also an unauthorized successive petition.

On January 12, 1987, Petitioner initiated a separate § 2254 habeas action challenging his July 20, 1983 conviction and sentence in Jefferson County Circuit Court, *Howard v. Lockhart*, E.D. Ark. No. PB-C-87-25. *See* Court's Exhibit F and G, attached hereto. On August 1, 1998, United States Magistrate Judge John F. Forster, Jr. entered a Memorandum Order and Judgment denying Petitioner's habeas claims on the merits. *See* Court's Exhibit H and I, attached hereto. Petitioner did not appeal the denial of habeas relief.

(8th Cir.2001) (explaining that a habeas petitioner must obtain authorization from the Eighth Circuit before he can raise a successive challenge to a state conviction).

Finally, in Petitioner's Motion for Rule 60(b)(6) relief, he essentially reargues his habeas claims and contends that he was unlawfully extradited to Arkansas from Arizona and Texas. (Docket entry #14). He also makes a new conflict-of-interest argument that, in his federal habeas action in E.D. Ark. No. PB-C-87-545, United States Magistrate Judge Henry L. Jones appointed former Arkansas Supreme Court Justice John I. Purtle to represent him.[4] (Docket entry #14). On their face, these Rule 60(b)(6) claims are frivolous and untimely.[5]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner's Motion for Relief Under Fed. R. Civ. P. 60(b)(6) (docket entry #14) be DENIED. IT IS FURTHER RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254 (docket entry #1), be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit, pursuant to 28 U.S.C. §

---

[4] The record from E.D. Ark. No. PB-C-87-545 reflects that Judge Jones appointed Batesville lawyer John T. Purtle, not former Arkansas Supreme Court Justice John I. Purtle, to represent Petitioner. *See* Ex. J attached hereto.

[5] A Motion asserting a Rule 60(b)(6) claim must be filed "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). All of Petitioner's Rule 60(b)(6) claims arose several decades ago, in the 1980's.

2244(b)(3)(A), to file a successive habeas petition.

DATED this 26th day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE